**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, 378 N. Main Avenue Tucson, AZ 85701, | |
| Plaintiff, | |
| v. | Civil Action No.: 19-cv-686 |
| U.S. DEPARTMENT OF THE INTERIOR, 1849 C. Street, NW Washington, D.C. 20240, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| U.S. FISH AND WILDLIFE SERVICE, 1849 C Street, NW, Room 3358 Washington, DC 20240, | |
| Defendants. | |

**INTRODUCTION**

1.      In this action brought under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), the Center for Biological Diversity ("Center")—an environmental conservation organization that works to prevent the extinction of wild species and protect their habitats—challenges the U.S. Department of the Interior ("Interior Department) and the U.S. Fish and Wildlife Service's ("FWS") violations of the FOIA.  The Interior Department violated FOIA by failing to conduct adequate searches and provide records in response to a FOIA request in which the Center sought records related to the Interior's Department's proposed FOIA rule revisions.  FWS violated FOIA by failing to conduct adequate searches and provide records in response to three FOIA requests from the Center seeking records related to FWS's instructions, policies, and guidance documents for processing FOIA requests and preparing administrative records.

2.      FWS also violated FOIA by failing to make available for public inspection a policy statement that FWS adopted but did not publish in the Federal Register, FWS's September 6, 2018 "Guidance for Applying Deliberative Process Privilege in Processing Ecological Services FOIA Requests: Coordination with the October 20, 2017, [Department of Justice ("DOJ")] Memorandum on Administrative Records."

3.      As of the filing of this complaint, the Interior Department and FWS have failed to produce any records responsive to the Center's three FOIA requests at issue in this lawsuit.

4.      Prompt access to these records is necessary to effectuate FOIA's purpose of transparency.  Thus, the Center seeks from the Court declaratory relief establishing that Interior Department and FWS have violated FOIA.  The Center also seeks and injunctive relief directing Interior Department and FWS to conduct adequate searches and release any improperly withheld records, including all reasonably segregable portions of any lawfully exempt records, without any further delay.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

7.      Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

## PARTIES

8.      Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States.  The Center has more than

69,500 members.  The Center and its members are harmed by the Interior Department's

violations of FOIA, as such violations preclude the Center from gaining a full understanding of

the agency's proposed FOIA rule revisions.  The Center and its members are harmed by the

FWS's violations of FOIA, because they preclude the Center from gaining a full understanding

of FWS's instructions, policies, and guidance documents for processing FOIA requests and

preparing administrative records.  The Interior Department and FWS's failure to comply with

FOIA impairs the Center's ability to provide full, accurate and current information to the public

on a matter of public interest.  Absent this information, the Center is hampered in its ability to

advance its mission to protect native species and their habitat.

      9.     Defendant U.S. DEPARTMENT OF THE INTERIOR is a cabinet-level agency

within the executive branch of the U.S. government.  The Interior Department is responsible for

protecting and managing much of the nation's wildlife, natural resources, public lands, and

cultural heritage.  The Interior Department is in possession and control of the records that the

Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).  The Interior

Department is the federal agency responsible for applying and implementing the federal laws and

regulations at issue in this complaint.

      10.    Defendant U.S. FISH AND WILDLIFE SERVICE is an agency of the U.S.

government within the Department of the Interior.  The Fish and Wildlife Service is responsive

for conserving, protecting, and enhancing fish, wildlife, and their habitats for the continuing

benefit of the American people.  The Fish and Wildlife Service is in possession and control of

the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f)

and is responsible for fulfilling the Center's FOIA request to it.  The Fish and Wildlife Service is

also obligated to comply with FOIA's statutory requirement to make its FOIA policy guidance

available for public inspection pursuant to 5 U.S.C. § 552(a)(2).

## STATUTORY BACKGROUND

11.    FOIA's basic purpose is for government transparency.

12.    FOIA requires each agency to make available for public inspection in an

electronic format its statements of policy and interpretations that the agency adopts and that are

not published in the Federal Register.  5 U.S.C. § 552(a)(2).

13.    FOIA requires federal agencies to release requested records to the public unless

one or more specific statutory exemptions applies.  5 U.S.C. § 552(b)(1)-(9).

14.    FOIA allows a requester to request expedited processing if the requester

demonstrates a "compelling need" or in "other cases determined by the agency."  5 U.S.C. §

552(a)(6)(E)(i).

15.    Within 20 working days of receiving a FOIA request, an agency must determine if

it will release requested records and notify the requester of its determination and the reasons

therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an

adverse agency determination.  *Id.* § 552(a)(6)(A)(i).

16.    Only in "unusual circumstances" may an agency extend the time to make a final

determination by no more than 10 additional working days, but it must provide written notice to

the requester setting forth the unusual circumstances for the extension and "the date on which a

determination is expected to be dispatched."  *Id.* § 552(a)(6)(B)(i).  If the agency provides

written notice that the request cannot be processed within the specified time limit, the agency

shall provide "an opportunity to limit the scope of the request so that it may be processed within"

the statutory time limit or "an opportunity to arrange with the agency an alternative time frame

for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

17.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).  Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be a reasonable.

18.     FOIA requires federal agencies to promptly disclose requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

19.     In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b).  These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

20.     FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

21.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

22.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

## STATEMENT OF FACTS

### Background to the FOIA Requests

23.     On October 20, 2017, the U.S. Department of Justice ("DOJ") Environmental and

Natural Resources Division published administrative record guidance ("DOJ's AR Guidance

Memo").  DOJ's AR Guidance Memo introduces a new requirement: an administrative record

for an agency decision that is challenged in litigation under the Administrative Procedure Act,

("APA") should eliminate all "deliberative" documents.  The Memo argues that "documents

reflecting the agency's predecisional deliberative process – generally are not relevant to APA

review, and including them in the administrative record would inhibit agency decision-making."

24.     On September 6, 2018, FWS internally released a document titled: "Guidance for

Applying Deliberative Process Privilege in Processing Ecological Services FOIA Requests:

Coordination with the October 20, 2017, DOJ Memorandum on Administrative Records"

("FWS's FOIA Guidance Memo").  FWS's FOIA Guidance Memo makes recommendations to

FWS's Ecological Services for reviewing, redacting, and withholding deliberative information

responsive to FOIA requests.  FWS's FOIA Guidance Memo directs agency staff to "consult

with the Department of Interior Solicitor's Office (SOL) to confirm the propriety of invoking

FOIA Exemption 5, or other FOIA exemptions."

25.     The United States federal government shutdown at midnight on December 21,

2018, and many federal agency employees were furloughed until the shutdown ended on January

25, 2019.  83 Fed. Reg. 67,175 (Dec. 28, 2018).

26.     On December 28, 2018, on the Friday between Christmas and New Year's Day

during the government shutdown, the Interior Department published notice of a proposed change

to its FOIA rule.  Proposed Freedom of Information Act Regulations, 83 Fed. Reg. 67,175 (Dec. 28, 2018) (to be codified at 5 C.F.R. pt. 2) [*hereinafter* "Proposed Rule"].

27.  Publishing the Proposed Rule initiated a 30-day comment period that was set to end on January 28, 2019.

28.  Under comparable circumstances, the Interior Department has provided at least the "usual 60 days" for comments and has regularly granted requests for extensions of time.

29.  The Center, along with many interested parties, requested that the Interior Department extend the comment period for at least the length of the shutdown, and even longer, to understand how the Proposed Rule would impact the ability of the public to access records under FOIA and to be able to provide meaningful public comment about the Proposed Rule.

30.  The Interior Department extended the comment period by one day to January 29, 2019.

31.  The Center and other interested parties timely submitted comments on the Interior Department's Proposed Rule.

### The Center's FOIA Requests to the Interior Department and FWS

A.  **FWS-2018-01239 (FOIA Instructions)**

32.  On September 20, 2018, after the Center obtained information that FWS staff had received guidance about responding to FOIA requests, the Center submitted a FOIA request to FWS seeking records "[f]rom January 1, 2018 to the date FWS conducts this search, the records mentioning or including FWS's instructions, policies, and/or guidances for processing FOIA requests."

33.  On September 27, 2018, FWS acknowledged the Center's request and assigned it tracking number FWS-2018-01239 ("FOIA Instructions").

34.     On February 2, 2019, after receiving no further communications from FWS, the Center sent a letter notifying FWS that it had violated FOIA by failing to make a final determination on the Center's FOIA request within FOIA's statutory deadline and offering to assist in any way.

35.     As of the date of this complaint, which is 91 workdays after the 20-workday determination deadline of October 26, 2018, the Center has received no records and no additional communications from FWS regarding the Center's FOIA Instructions FOIA request.

36.     In connection with the Center's FOIA Instructions FOIA request, FWS has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination. *Id.* § 552(a)(6)(A)-(B).

37.     FWS's failure to conduct an adequate search for responsive records and failure provide all responsive records to the Center undermine FOIA's primary purpose of transparency and openness in government.

38.     The Center has been required to expend resources to prosecute this action.

**B.     FWS-2018-01240 (Administrative Record Instructions)**

39.     On September 20, 2018, the Center submitted a FOIA request to FWS requesting "[f]rom January 1, 2018 to the date FWS conducts this search, the records mentioning or including FWS's instructions, policies, and/or guidances for administrative records."

40.     On September 27, 2018, FWS acknowledged the Center's request and assigned it tracking number FWS-2018-01240 ("Administrative Record Instructions").

41.     As of the filing of this complaint, which is 91 workdays after the 20-workday determination deadline of October 26, 2018, the Center has received no records and no additional

communications from FWS regarding the Center's Administrative Record Instructions FOIA request.

42.     In connection with the Center's Administrative Record Instructions FOIA request, FWS has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination. *Id.* § 552(a)(6)(A)-(B).

43.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the Center's Administrative Record Instructions FOIA request. *Id.* § 552(b).

44.     FWS failed to provide the Center with reasonably segregable portions of the requested records after deletion of any portions which may be lawfully withheld from disclosure under any FOIA exemption(s). *Id.*

45.     The Center has been required to expend resources to prosecute this action.

**C.     OS-2019-00357 (Proposed FOIA Rule Changes)**

46.     On January 11, 2019, the Center submitted a FOIA request to the Interior Department requesting "[f]rom September 1, 2018 to the date Interior conducts this search, the emails generated in connection with the proposed changes to the regulations implementing FOIA, 83 F.R. 67175 (Dec. 28, 2018), sent to or from: Daniel Jorjani, Sylvia Burns, Bruce Downs, June Hartley, Timothy Wight, Larry Ruffin, Richard Cardinale, Karen Matragrano, Richard Westmark, Thomas Dabolt, Andrew Havely, Kenneth Klinner, or Interior's Acting Chief Information Officer."

47.     That same day, the Interior Department emailed informing the Center that "[d]ue to the government shutdown, no FOIA requests can be accepted or processed at this time."

48.     On January 24, 2019, the Interior Department sent a letter informing the Center that the agency received the Center's FOIA request on January 22, 2019 and assigned it control number OS-2019-00357 ("Proposed FOIA Rule Changes").

49.     As of the filing of this complaint, which is 14 workdays after the 20-workday determination deadline of February 20, 2019, the Center has received no records and no additional communications from the Interior Department regarding the Center's Proposed FOIA Rule Changes FOIA request.

50.     In connection with the Center's Proposed FOIA Rule Changes FOIA request, the Interior Department has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination.  *Id.* § 552(a)(6)(A)-(B).

51.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the Center's Proposed FOIA Rule Changes FOIA request.  *Id.* § 552(b).

52.     The Interior Department has failed to provide the Center with reasonably segregable portions of the requested records after deletion of any portions which may be lawfully withheld from disclosure under any FOIA exemption(s).  *Id.*

53.     The Center has been required to expend resources to prosecute this action.

**D.     FWS-2019-00379 (Second Request for FOIA Instructions)**

54.     On February 5, 2019, the Center submitted a second FOIA request to FWS requesting "[f]rom September 20, 2018 to the date FWS conducts this search, the records mentioning or including FWS's instructions, policies, and/or guidances for processing FOIA requests."

55.     On February 7, 2019, FWS acknowledged the Center's request and assigned it tracking number FWS-2019-00379 ("Second Request for FOIA Instructions").

56.     As of the filing of this complaint, which is four workdays after the 20-workday determination deadline of March 6, 2019, the Center has received no records and no additional communications from FWS on the Center's Second Request for FOIA Instructions.

57.     In connection with the Center's Second Request for FOIA Instructions, FWS has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination.  *Id.* § 552(a)(6)(A)-(B).

58.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the Center's Second Request for FOIA Instructions.  *Id.* § 552(b).

59.     FWS has failed to provide the Center with reasonably segregable portions of the requested records after deletion of any portions which may be lawfully withheld from disclosure under any FOIA exemption(s).  *Id.*

60.     The Center has been required to expend resources to prosecute this action.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Make a Lawful Determination

COUNT ONE: The Interior Department Failed to Make a Lawful Determination within FOIA's Mandatory Determination Deadline for the Center's FOIA Request.

61.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

62.     The Interior Department violated FOIA by refusing to disclose records that are responsive to the Center's Proposed FOIA Rule Changes FOIA request.

63.     None of FOIA's statutory exemptions apply to the records that the Center seeks.

64.     The Center has a statutory right to the records it seeks.

65.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Interior Department in the foreseeable future.

66.     The Center's organizational activities will be adversely affected if the Interior Department continues to violate FOIA's disclosure provisions as it has in this case.

67.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the Interior Department will continue to violate Plaintiff's rights to receive public records under FOIA.

COUNT TWO: FWS Failed to Make a Lawful Determination within FOIA's Mandatory Determination Deadline for the Center's FOIA Requests.

68.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

69.     The Center has a statutory right to a lawful final determination from FWS, in a manner that complies with FOIA, on the following FOIA requests by the Center: FWS-2018-01239; FWS-2018-01240; and FWS-2019-00379.

70.     FWS has violated the Center's rights in this regard by unlawfully delaying its responses to the Center's FOIA requests beyond FOIA's mandatory deadline. 5 U.S.C. § 552(a)(6)(A)(i).

71.     The Center's organizational activities will be adversely affected if FWS is allowed to continue violating FOIA's decision deadlines as it has in this case.

72.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's rights to receive public records under FOIA.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**Failure to Promptly Disclose Responsive Records**

COUNT ONE: The Interior Department Failed to Promptly Disclose and Continues to
Improperly Withhold Records Responsive to the Center's FOIA Request.

73.     Plaintiff re-alleges and incorporates by reference the allegations made in all
preceding paragraphs.

74.     The Interior Department violated FOIA and its own implementing regulations for
FOIA by failing to promptly disclose records that are responsive to the Center's Proposed FOIA
Rule Changes FOIA request.

75.     None of FOIA's statutory exemptions apply to the records that the Center seeks.

76.     The Center has a statutory right to the records it seeks.

77.     Based on the nature of the Center's organizational activities, it will undoubtedly
continue to employ FOIA's provisions in record requests to the Interior Department in the
foreseeable future.

78.     The Center's organizational activities will be adversely affected if the Interior
Department continues to violate FOIA's disclosure provisions as it has in this case.

79.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by
this Court, the Interior Department will continue to violate Plaintiff's rights to receive public
records under FOIA.

COUNT TWO: FWS Failed to Disclose and Continues to Improperly Withhold Records
Responsive to the Center's FOIA Requests.

80.     Plaintiff re-alleges and incorporates by reference the allegations made in all
preceding paragraphs.

81.     FWS violated FOIA and its own regulations for FOIA by failing to promptly disclose records that are responsive to the following FOIA requests by the Center: FWS-2018-01239; FWS-2018-01240; and FWS-2019-00379.

82.     None of FOIA's statutory exemptions apply to the records that the Center seeks.

83.     The Center has a statutory right to the records it seeks.

84.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FWS in the foreseeable future.

85.     The Center's organizational activities will be adversely affected if FWS continues to violate FOIA's disclosure provisions as it has in this case.

86.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, FWS will continue to violate Plaintiff's rights to receive public records under FOIA

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Conduct an Adequate Search

COUNT ONE: The Interior Department Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request.

87.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

88.     The Center has a statutory right to have the Interior Department process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

89.     The Interior Department violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's Proposed FOIA Rule Changes FOIA request.

90.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Interior Department in the foreseeable future.

91.     The Center's organizational activities will be adversely affected if the Interior Department continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

92.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Interior Department will continue to violate the Center's rights to receive public records under FOIA.

COUNT TWO: FWS Failed to Conduct Adequate Searches for Records Responsive to the Center's FOIA Requests.

93.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

94.     The Center has a statutory right to have FWS process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

95.     The Interior Department violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the following FOIA requests by the Center: FWS-2018-01239; FWS-2018-01240; and FWS-2019-00379.

96.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FWS in the foreseeable future.

97.     The Center's organizational activities will be adversely affected if FWS continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

98.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's rights to receive public records under FOIA.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Provide Reasonably Segregable Portions of Exempt Records

COUNT ONE: The Interior Department Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records.

99.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

100.    The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

101.    The Interior Department violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's Proposed FOIA Rule Changes FOIA request.

102.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Interior Department in the foreseeable future.

103.    The Center's organizational activities will be adversely affected if the Interior Department is allowed to continue violating FOIA's disclosure provisions as it has in this case.

104.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Interior Department will continue to violate the Center's rights to receive public records under FOIA.

COUNT TWO: FWS Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records.

105.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

106.    The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

107.    FWS violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the following FOIA requests by the Center: FWS-2018-01239; FWS-2018-01240; and FWS-2019-00379.

108.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FWS in the foreseeable future.

109.    The Center's organizational activities will be adversely affected if FWS is allowed to continue violating FOIA's disclosure provisions as it has in this case.

110.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's rights to receive public records under FOIA.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

FWS's Impermissible Practice, Pattern and Practice, and/or Policy of Violating FOIA

111.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

112.    FWS has adopted and is engaged in a pattern, practice, and/or policy of violating FOIA's procedural requirements when processing FOIA requests by intentionally refusing to

issue a lawful determination, produce responsive records, and/or respond in any meaningful manner, unless and until the Center files a lawsuit.

113.    FWS's repeated unreasonable delays and intentional refusals to issue a lawful determination and/or produce non-exempt records violates the intent and purpose of FOIA.

114.    FWS's repeated and intentional actions have resulted, and will continue to result, in the untimely access to information to which the Center is entitled, and the production of stale information that is of little value and, yet, more costly than fresh information ought to be. *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988).

115.    FWS's repeated failures to abide by FOIA's terms are not attributable to an unpredictable influx in FOIA requests or other reasonable delay.

116.    FWS's impermissible pattern, practice, and/or policy of refusing to conduct a reasonable search, and failure to issue a determination and/or produce responsive records unless and until the Center files suit, warrants declaratory and injunctive relief under *Muttitt v. U.S. Cent. Command*, 813 F. Supp. 2d 221, 229-31 (D.D.C. 2011).

117.    FWS's pattern or practice of unlawful conduct in violation of FOIA's clear procedural requirements is likely to recur absent intervention by this Court.

118.    FWS's policy or practice has impaired and will continue to impair the Center's lawful access to information in the future.

119.    Defendant's policy or practice exists, whether formal or informal in nature.

120.    FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel FWS to comply with the clear requirements of FOIA and prevent it from continuing to apply its unlawful pattern, practice, and/or policy.

## SEVENTH CLAIM FOR RELIEF
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First through Sixth Claims)

COUNT ONE: The Interior Department Unlawfully Withheld or Unreasonably Delayed Actions That FOIA Requires.

121.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

122.    The Interior Department unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) make a timely and lawful determination on the Center's FOIA request; (2) promptly disclose records that are responsive to the Center's FOIA request, which are not within the scope of FOIA's exemptions to mandatory disclosure; (3) conduct a search that is reasonably calculated to locate all records responsive to the Center's FOIA request; and (4) provide the Center with all reasonably segregable portions of records responsive to the Center's FOIA request in the event that records may be subject to an exemption.  The Interior Department's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

123.    Alternatively, the Interior Department unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) make a timely and lawful determination on the Center's FOIA request; (2) promptly disclose records that are responsive to the Center's FOIA request, which are not within the scope of FOIA's exemptions to mandatory disclosure; (3) conduct a search that is reasonably calculated to locate all records responsive to the Center's FOIA request; (4) provide the Center with all reasonably segregable portions of records responsive to the Center's FOIA requests in the event that records may be subject to an exemption.

124.    The Interior Department's failures constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

125.    As alleged above, the Interior Department's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

126.    The Center has suffered a legal wrong as a result of the Interior Department's failure to comply with the mandates of FOIA.  As alleged above, the Interior Department violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

127.    The Center has no other adequate remedy at law to redress the violations noted above.

128.    Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

COUNT TWO: FWS Unlawfully Withheld or Unreasonably Delayed Actions That FOIA Requires.

129.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

130.    FWS unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) make a timely and lawful determination on the Center's FOIA requests; (2) promptly disclose records that are responsive to the Center's FOIA requests, which are not within the scope of FOIA's exemptions to mandatory disclosure; (3) conduct a search that is reasonably calculated to locate all records responsive to the Center's FOIA requests; and (4) provide the Center with all reasonably segregable portions of records responsive to the Center's FOIA requests in the event that records may be subject to an

exemption.  FWS's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

131.    Alternatively, FWS unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) make a timely and lawful determination on the Center's FOIA requests; (2) promptly disclose records that are responsive to the Center's FOIA requests, which are not within the scope of FOIA's exemptions to mandatory disclosure; (3) conduct a search that is reasonably calculated to locate all records responsive to the Center's FOIA requests; (4) provide the Center with all reasonably segregable portions of records responsive to the Center's FOIA requests in the event that records may be subject to an exemption.

132.    FWS's failures constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

133.    As alleged above, FWS's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

134.    The Center has suffered a legal wrong as a result of FWS's failure to comply with the mandates of FOIA.  As alleged above, FWS violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

135.    The Center has no other adequate remedy at law to redress the violations noted above.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Sixth Claims)**

COUNT ONE: The Interior Department's Violations of FOIA Are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law.

136.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

137.    The Interior Department violated FOIA's statutory mandates due to its failure and refusal to: (1) make a timely and lawful determination on the Center's FOIA requests; (2) promptly disclose records that are responsive to the Center's FOIA requests, which are not within the scope of FOIA's exemptions to mandatory disclosure; (3) conduct a search that is reasonably calculated to locate all records responsive to the Center's FOIA requests; and (4) provide the Center with all reasonably segregable portions of records responsive to the Center's FOIA requests in the event that records may be subject to an exemption.  By repeatedly violating FOIA's statutory mandates, the Interior Department's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

138.    The Interior Department's improper withholding of records from the Center raises questions about whether the agency acted arbitrarily or capriciously with respect to the withholding.

139.    As alleged above, the Interior Department's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

140.    The Center has suffered a legal wrong as a result of the Interior Department's failure to comply with the mandates of FOIA.  As alleged above, the Interior Department

violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

141.    The Center has no other adequate remedy at law to redress the violations noted above.

142.    The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

COUNT TWO: FWS's Violations of FOIA Are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law.

143.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

144.    FWS violated FOIA's statutory mandates due to its failure and refusal to: (1) make a timely and lawful determination on the Center's FOIA requests; (2) promptly disclose records that are responsive to the Center's FOIA requests, which are not within the scope of FOIA's exemptions to mandatory disclosure; (3) conduct a search that is reasonably calculated to locate all records responsive to the Center's FOIA requests; (4) provide the Center with all reasonably segregable portions of records responsive to the Center's FOIA requests in the event that records may be subject to an exemption.  By repeatedly violating FOIA's statutory mandates, FWS's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

145.    FWS's improper withholding of records from the Center raises questions about whether the agency acted arbitrarily or capriciously with respect to the withholding.

146.    As alleged above, FWS's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

147.    The Center has suffered a legal wrong as a result of FWS's failure to comply with the mandates of FOIA.  As alleged above, FWS violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

148.    The Center has no other adequate remedy at law to redress the violations noted above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.    Order Defendants to conduct a search that is reasonably calculated to locate all records responsive to each of Plaintiff's FOIA requests, with the cut-off date for such search being the date the search is conducted, and to provide Plaintiff with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

2.    Declare that Defendants' failure to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's FOIA requests, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

3.    Declare that Defendants' failure to disclose the requested records to Plaintiff is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

4.    Declare that Defendants' failure to timely make a determination on Plaintiff's FOIA requests is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1),

or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

5.     Declare that Defendants' failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

6.     Declare that FWS has implemented an impermissible pattern, practice, and/or policy of insisting on untimely and noncompliant responses to FOIA requests, pursuant to this Court's equitable powers as recognized in *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19-20 (1974)), and enjoin Defendant from continuing to implement those patterns, practices, and/or policies.

7.     Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

8.     Grant such other and further relief as the Court may deem just and proper.

DATED: March 12, 2019           Respectfully submitted,

*/s/ Margaret E. Townsend*
Margaret E. Townsend (DC Bar No. OR0008)
Amy R. Atwood (D.C. Bar No. 470258)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6409
mtownsend@biologicaldiversity.org

*Attorneys for Plaintiff*